**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

James A. Leonard, III, Sheryl A. Leonard, Merrie P. Grant, G. Duncan Grant, and Pamela K. Smith, Appellants,

v.

WildeWood Sections I-IV Homeowners Association Inc., Respondent.

Appellate Case No. 2024-002070

———————

Appeal From Richland County
Joseph M. Strickland, Master-in-Equity

———————

Unpublished Opinion No. 2026-UP-339
Submitted June 1, 2026 – Filed July 1, 2026

———————

**AFFIRMED**

———————

B. Allen Bullard, Jr., of Montgomery Willard, LLC, and Spencer Andrew Syrett, both of Columbia, for Appellants.

Richard Hood Willis, John Gwilym Tamasitis, and William Porcher DuBose, IV, all of Williams Mullen, of Columbia; and Sean A. O'Connor, of Clarkson McAlonis and O'Connor, P.C., of Mount Pleasant, all for Respondent.

**PER CURIAM:** James A. Leonard, III, Sheryl A. Leonard, Merrie P. Grant, G. Duncan Grant, and Pamela K. Smith (collectively, Appellants) appeal the master-in-equity's grant of WildeWood Sections I-IV Homeowner's Association, Inc.'s (WildeWood's) motion for summary judgment on Appellants' declaratory judgment action. On appeal, Appellants argues (1) the master erred in ruling that a statute of limitations applied to an action in equity; (2) even if the action were an action at law, the master erred in ruling that a three year statute of limitations applied; and (3) the master erred in finding the question regarding WildeWood's authority to place a lien to collect unpaid assessments was moot. We affirm pursuant to Rule 220(b).

1. As to issue one, we hold this issue is not preserved for appellate review. Appellants did not argue to the master that their action was not subject to any statute of limitations; instead, they argued when the statute of limitations began to run and that a twenty-year, not a three-year, statute of limitations applied. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review.").

2. As to issue two, initially, we hold Appellants' argument that even though the underlying documents did not have a seal visibly attached to them, the intent of the parties was to create sealed documents, is not preserved for appellate review because Appellants never raised this argument to the master. *See Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733 ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review."); *Staubes v. City of Folly Beach*, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) ("Error preservation requirements are intended 'to enable the lower court to rule properly after it has considered all relevant facts, law, and arguments.'" (quoting *I'On v. Town of Mt. Pleasant,* 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000))).

Next, we hold the master did not err in granting WildeWood's motion for summary judgment and finding that Appellants' claims—that the assignment of deed restrictions (the assignment) was invalid, the amendment to the deed restrictions (the amendment) was invalid, and that WildeWood did not have the authority to impose a fee assessment (the assessment)—were not filed within the applicable three-year statute of limitations. *See Fleming v. Rose*, 350 S.C. 488, 493, 567

S.E.2d 857, 860 (2002) ("When reviewing the grant of summary judgment, the appellate court applies the same standard applied by the trial court pursuant to Rule 56(c), SCRCP."); *Kitchen Planners, LLC v. Friedman*, 440 S.C. 456, 459, 892 S.E.2d 297, 299 (2023) ("[T]he moving party is entitled to summary judgment 'if the [evidence before the court] show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" (quoting Rule 56(c), SCRCP)); *Fleming*, 350 S.C. at 493-94, 567 S.E.2d at 860 ("When determining if any triable issues of fact exist, the evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party."); *Kitchen Planners*, 440 S.C. at 463, 892 S.E.2d at 301 ("[I]t is not sufficient for a party to create an inference that is not reasonable or an issue of fact that is not genuine." (quoting *Town of Hollywood v. Floyd*, 403 S.C. 466, 477, 744 S.E.2d 161, 166 (2013))). As to the assignment and amendment validity, Appellants all owned their respective properties and were on notice of these underlying documents for more than three years when they filed their complaint; therefore, their action was not brought within the requisite statute of limitations. *See* S.C. Code Ann. § 15-3-530(1) (2005) (stating "an action upon a contract, obligation, or liability, express or implied" is subject to a three-year statute of limitations); *Hedgepath v. Am. Tel. & Tel. Co.*, 348 S.C. 340, 355, 559 S.E.2d 327, 336 (Ct. App. 2001) ("According to the discovery rule, the statute of limitations begins to run when a cause of action reasonably ought to have been discovered."). As to whether WildeWood had the authority to enact the assessment, we hold the statute of limitations to challenge the assessment began at its passage on November 27, 2018; therefore, the three-year statute of limitations expired on November 27, 2021, and Appellants did not file their action until March 4, 2022. *See* S.C. Code Ann. § 27-30-130(B)(1)(a) (Supp. 2025) (stating homeowners associations' "[r]ules, regulations, and amendments to regulations" are "effective upon passage or adoption"); § 15-3-530(1) (stating "an action upon a contract, obligation, or liability, express or implied" is subject to a three-year statute of limitations); *Hedgepath*, 348 S.C. at 355, 559 S.E.2d at 336 ("According to the discovery rule, the statute of limitations begins to run when a cause of action reasonably ought to have been discovered.").

3. As to issue three, we hold this issue is not preserved for appellate review because the master considered mootness for the first time in its order and Appellants failed to file a motion pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure to argue the issue was not moot or that a mootness exception applied. *See Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733 ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate

review."); *Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 55 (Ct. App. 2006) ("[W]hen an appellant neither raises an issue at trial nor through a Rule 59(e), SCRCP, motion, the issue is not preserved for appellate review."); *In re Timmerman*, 331 S.C. 455, 460, 502 S.E.2d 920, 922 (Ct. App. 1998) ("When a party receives an order that grants certain relief not previously contemplated or presented to the trial court, the aggrieved party must move, pursuant to Rule 59(e), . . . to alter or amend the judgment in order to preserve the issue for appeal.").

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.